

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF OKLAHOMA

United States of America,

                    Plaintiff,

vs.                                           Case Number:      25-CR-161-JFH

Christopher Cody Johnson

                    Defendant.

## PETITION TO ENTER PLEA OF GUILTY
## AND ORDER ENTERING PLEA
(Federal Rules of Criminal Procedure, Rules 10 and 11)

**The defendant represents to the Court**:

    My full true name is: Christopher Cody Johnson. I am 34 years of age. I have gone to school up to and including graduating from high school and some college. I request that all proceedings against me be in my true name.

    I am represented by an attorney; his/her name is: Douglas G. Smith II.

    I received a copy of the Indictment/Information [Circle the appropriate title.] before being called upon to plead. I read the Indictment/Information [Circle the appropriate title.] and have discussed it with my attorney. I fully understand every charge made against me.

    I told my attorney all the facts and circumstances known to me about the charges made against me in the Indictment/Information [Circle the appropriate title.]. I believe that my attorney is fully informed on all such matters.

    My attorney has counseled and advised me on the nature of each charge, on all lesser included charges, and on all possible defenses that I might have in this case.

## WAIVER OF CONSTITUTIONAL RIGHTS

    I know that I have the right to plead "NOT GUILTY" to any offense charged against me. If I plead "NOT GUILTY," I know the Constitution guarantees me:

    (a)    the right to a speedy and public trial by a jury;
    (b)    at that trial, and at all stages of the proceedings, the right to the assistance of an attorney;
    (c)    the right to see and hear all witnesses called to testify against me, and the right to cross-examine those witnesses;
    (d)    the right to use the power and process of the Court to compel the production of any evidence, including the attendance of any witnesses in my favor; and
    (e)    the right not to be compelled to incriminate myself by taking the witness stand; and, if I do not take the witness stand, no inference of guilt may be drawn from such failure.

    In regard to my right to a jury trial, I know that I am the only person that can waive, that is, give up, that right. I also fully understand that if I have trial by a jury, I have the right of the assistance of an attorney; also the right to confront and cross-examine witnesses against me; and the right not to be compelled to incriminate myself. Furthermore, I understand that to convict me, all twelve (12) jury members would have to agree that I am "GUILTY."



I know that, if I plead "GUILTY," I am thereby waiving my right to a trial, and that there will be no further trial of any kind, either before a Court or jury, and further, I realize that the Court may impose the same punishment as if I had pleaded "NOT GUILTY," stood trial, and been convicted by a jury.

I further understand that my waiver of Sixth Amendment rights to a jury is a waiver of trial by jury in all respects, both as to guilt or innocence and as to sentencing, and I consent that all matters in these proceedings be determined by the Court in accordance with Rule 23 of the Federal Rules of Criminal Procedure.

### PLEA OF GUILTY

I know that, if I plead "GUILTY," the Court will ask me questions about the offense(s) to which I have pleaded, and since I will be answering these questions under oath, on the record, and in the presence of my attorney, that my answers may later be used against me in a prosecution for perjury or false statement.

I know that the Court must be satisfied that there is a factual basis for a plea of "GUILTY" before my plea can be accepted. I represent to the Court that I did the following act(s) in connection with the charge(s) made against me in Count(s): **[NOTE: Defendant must set out in detail what (s)he did. If more space is needed, add a separate page.]**

_____
_____*See attached*_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

In deciding to enter my plea of guilty, I rely upon the following advice from my attorney. **[NOTE: List any and all advice or recommendations by your attorney upon which you rely in entering your plea of guilty.]**
_____
_____*The advice I received from my attorney is protected by attorney-client privilege*_____
_____

I also inform the Court that I am not relying, in entering my plea(s) of Guilty, on any representation from my attorney or from the Government or any other source that has not been revealed to the Court and made a part of this record.

By pleading guilty, I understand that I waive, that is, give up, all pretrial motions, and cannot assert any such motions before the Court or on appeal after pleading guilty.

I also understand that a conditional plea pursuant to Rules of Criminal Procedure, Rule 11(a)(2) can only be entered WITH THE APPROVAL OF THE COURT, and the GOVERNMENT reserving IN WRITING the right, on appeal from the



judgment, to review of any adverse determination of any pretrial motions. The writing must be presented in open court and made part of the record.

    I know that the Court will not permit anyone to plead "GUILTY" who maintains (s)he is innocent and, with that in mind, and because I am "GUILTY" and do not believe I am innocent, I wish to plead "GUILTY," respectfully request the Court to accept my plea of "GUILTY," and to have the Clerk enter my plea of "GUILTY," as follows:

[NOTE: The defendant's plea of "GUILTY" or "NOT GUILTY" to each offense should be entered in the blank space provided below. If the Indictment/Information charges a single offense, a defendant who wishes to plead "GUILTY" should write in the below space "GUILTY as charged in the Indictment/Information." If more than one offense is charged, defendant should write in the space below "GUILTY as charged in Count(s) _____," "NOT GUILTY as charged in Count(s) _____."]

    _Guilty as charged in the Information_

### MINIMUM SENTENCE AND MANDATORY MINIMUM SENTENCE

    I have been informed and understand that a plea of guilty may subject me to a minimum sentence of prison and/or fine. In addition, my attorney has informed me that Count __1__ will subject me to a statutory mandatory minimum sentence of __0__ years.

### MAXIMUM SENTENCE REQUIRED UNDER LAW

    My attorney informed me that the plea of "GUILTY" could subject me to a maximum punishment, which, as provided by law, is __10__ years imprisonment and/or a fine of $250,000_____. My attorney has further advised me that if the offense(s) to which I plead "GUILTY" occurred on or after January 1, 1985, the maximum fine is the largest of:

(a) The amount specified in law defining the offense
(b) Double the gross pecuniary gain derived by a defendant from the offense
(c) Double the pecuniary loss caused by the offense to another person
(d)

|  | Individual Defendant | Other Defendant |
|---|---|---|
| Any Felony; Misdemeanor resulting in death | $250,000 | $500,000 |
| Other Misdemeanor punishable by more than six months | $100,000 | $200,000 |

    My attorney has also advised me that a Special Monetary Assessment in the amount of $100_____ will be assessed per count if the offense(s) occurred on or after November 12, 1984.

    Further, my attorney has advised me that if the offense(s) to which I plead "GUILTY" occurred after December 31, 1982, and the offense(s) charge violation(s) of any statute found under Title 18 of the United States Code or certain subsections of the Federal Aviation Act (Title 49 U.S.C. 1472), that Title 18 U.S.C. et seq. authorizes a court to sentence a defendant to pay restitution in addition to, or in lieu of, any other penalty permitted by law, to any victim(s) of the offense(s).

    In addition, I understand that if I am sentenced to prison, a term of supervised release of no more than 3 years_____ may/must be imposed. If the term of supervised release is revoked, an additional term of imprisonment and supervised release may be imposed at each revocation.

### IMMIGRATION CONSEQUENCES OF PLEA

    If I am not a citizen of the United States, I understand that my plea of guilty in this case may subject me to deportation and/or removal from the United States. [NOTE: If applicable, insert "My attorney has specifically advised me of the following immigration consequences of my plea of guilty: If I am imprisoned, I will be deported upon completion of my sentence of imprisonment. If I am not imprisoned, I will be deported immediately."]

## PLEA AGREEMENT

My plea of "GUILTY" (is) (is not) **[Circle the appropriate response]** the result of a plea agreement entered into between the government attorney, my attorney, and me.

Since my plea of "GUILTY" is the result of a plea agreement, I hereby state that the terms of said agreement are as follows:

_____*See plea agreement*_____

_____

I fully understand that the Court is not bound by the terms of the plea agreement, and may accept or reject said agreement. If the Court rejects the agreement, I also understand that the Court will give me the opportunity to withdraw my plea of "GUILTY."

I believe that my attorney has done all that anyone could do to counsel and assist me, AND I AM SATISFIED WITH THE ADVICE AND HELP (S)HE HAS GIVEN ME.

## STATE OF MIND

My mind is clear. I am not under the influence of alcohol or drugs, and I am not under a doctor's care. The only drugs, medicine or pills that I took within the past seven (7) days are: **[NOTE: If none, so state.]**

I take Prozac and Ativan for anxiety and depression. I take insulin and Novolog for diabetes.

I have never been confined in any institution for the treatment of mental illness. I have never been adjudicated mentally incompetent. No psychiatrist, physician or psychologist has ever found me to be mentally ill. I know of no reason why my mental competence at the time of the commission of the alleged offense(s), or at the present time, should be questioned. **[NOTE: If there are any exceptions to the above statement, explain here.]**

I was diagnosed by my primary care provider with anxiety, depression, and obsessive-compulsive disorder. I attend weekly outpatient counseling. I have never been found to be mentally incompetent.

I offer my plea of "GUILTY" freely and voluntarily, and further state that my plea of "GUILTY" is not the result of any force or threats against me, or of any promises made to me other than those noted in this petition. I further offer my plea of "GUILTY" with full understanding of all the matters set forth in the Indictment/Information **[Circle the appropriate title.]** and in this petition, and in the certificate of my attorney which is attached to this petition.

## SENTENCING

I have been advised by counsel that I will be sentenced pursuant to the advisory sentencing guidelines procedure established by Title 18 U.S.C. §3553 et seq. I understand that sentencing is a matter left exclusively in the province of the Court; and I understand that the sentence imposed by the Court may be within the guideline table range provided by law or, for good cause stated, the Court may depart therefrom after all relevant facts and circumstances of my case have been considered by the Court, or the Court may impose a non-guideline sentence.

I further understand that the Court may impose a term of Supervised Release that will run after any term of confinement that might be imposed.

Further, I understand that probation is not available as a sentencing alternative to the Court in most cases under the advisory sentencing guidelines and that, whenever probation is permissible under the advisory sentencing guidelines, it is exclusively within the Court's province to grant or deny probation.

If I am currently on supervised release, probation or parole in this or any other Court, I know that by pleading "GUILTY" here, my probation, supervised release or parole may be revoked, and I may be required to serve time in that case which may be consecutive, that is, in addition to any sentence imposed on me in this case.

I declare that no officer or agent of any branch of government (Federal, State, or local) has promised, suggested or predicted that I will receive a lighter sentence, or probation, or any other form of lenience, if I plead "GUILTY" except as follows:

**[NOTE: Insert any promises or concessions made to the defendant or to his/her attorney. If the plea of "GUILTY" is the result of a plea agreement, refer to paragraph _____ of this petition.]**

*See plea agreement.*

If anyone else, including my attorney, made such a promise, suggestion, or prediction, except as noted in the previous sentence, I know that (s)he had no authority to do so.

I know that the sentence I will receive is solely a matter within the control of the Judge. I hope to receive lenience, but I am prepared to accept any punishment permitted by law which the Court sees fit to impose. However, I respectfully request the Court to consider, in mitigation of punishment, that I have voluntarily entered a plea of "GUILTY."

I have been advised and do understand that, subject to any waiver of my appellate and post-conviction rights contained in my written plea agreement, I have the right of appeal of any sentence imposed by the Court to the Tenth Circuit Court of Appeals. Also, I understand that any appeal must be filed no more than fourteen (14) days from date of the judgment.

I waive the reading of the Indictment/Information [Circle the appropriate title.] in open Court, and I request the Court to enter my plea of "GUILTY" as set forth in this petition.

I swear that I have read, understood, and discussed with my attorney, each and every part of this Petition to Enter Plea of Guilty, and that the answers which appear in every part of this petition are true and correct.

Signed and sworn to by me in open court, in the presence of my attorney, this 17 day of September, 20 25

_____
Defendant

Subscribed and sworn to before me this 17 day of September, 20 25.

_____
Deputy Clerk



## CERTIFICATE OF COUNSEL

The undersigned, as attorney and counselor for the defendant <u>Christopher Cody Johnson</u>, hereby certifies:

(1)  I have read and fully explained to the defendant the allegation(s) contained in the Indictment/(Information) **[Circle the appropriate title.]** in this case.

(2)  To the best of my knowledge and belief, the statements, representations and declarations made by the defendant in the foregoing petition are in all respects accurate and true.

  I have further explained to my client the provisions of advisory guideline sentencing as established by Title 18 U.S.C. 3553 <u>et seq</u>. Although I have discussed with my client the maximum sentence imposed for the offense for which (s)he is charged, I have not promised, suggested or predicted a possible sentence. I have specifically advised my client that sentencing is left solely within the province of the Court.

  My client fully understands that, for good cause shown, the Court may depart from the advisory guideline range or impose a non-guideline sentence and, further, that probation is not available as a sentencing alternative in most cases under advisory guideline sentencing. Also, my client fully understands that, whenever probation is a permissible sentencing alternative, it is exclusively within the Court's discretion to grant or deny probation.

(3)  The plea of "GUILTY" offered by the defendant accords with my understanding of the facts (s)he related to me and is consistent with my advice to the defendant.

(4)  In my opinion, the defendant's waiver of reading of the Indictment/(Information) **[Circle the appropriate title.]** in open court as provided in Rule 10 is voluntarily and understandingly made, and I recommend to the Court that the waiver be accepted by the Court.

(5)  In my opinion, the plea of "GUILTY" offered by the defendant in the petition is voluntarily and understandingly made. I recommend that the Court accept the plea of "GUILTY."

(6)  I have made no predictions or promises to the defendant concerning any sentence the Court may award, except as noted in the space below:

  <u>My advice to Mr. Johnson is privileged.</u>

(7)  I further represent to the Court that the defendant's plea of "GUILTY" (is) (is not) **[Circle the appropriate response.]** the result of a plea agreement. The terms of the agreement are set out in the petition, and I have informed the defendant that the Court is not bound by the terms of the agreement, and that if the Court rejects the agreement, the Court will give him/her the opportunity to withdraw his/her plea of "GUILTY."

  Signed by me in open court in the presence of the defendant above-named and after full discussion of the contents of this certificate with the defendant, this __17__ day of __Sept.__, 20__25__.

_____
Attorney for the Defendant



## ORDER

I find that the plea of "GUILTY" was made by the defendant freely, voluntarily, and because (s)he is "GUILTY" as charged, and not out of ignorance, fear, inadvertence, or coercion, and with full understanding of its consequences. I further find that the defendant has admitted the essential elements of the crime(s) charged, that there is a factual basis for the plea(s) of "GUILTY," and that the defendant is mentally competent.

IT IS THEREFORE ORDERED that the defendant's plea(s) of "GUILTY" is accepted and entered as prayed for in the petition and as recommended in the certificate of his/her attorney.

Done in open court this 17 day of September, 2025.

_____
UNITED STATES MAGISTRATE JUDGE

Factual Basis

On or about September 15, 2021, defendant was a shift supervisor with the McCurtain County Jail ("MCJ") in Idabel, Oklahoma tasked with overseeing the jail's day shift. On that day, R.H. was arrested for violating the terms of a restraining order and brought to the MCJ to be booked into custody. Defendant was on duty when R.H. was arrested. Defendant, and other staff at the MCJ, knew that R.H. shared a child in common with the stepdaughter of Co-conspirator 1, and that the restraining order R.H. violated named Co-conspirator 1's stepdaughter as the protected party. While R.H. was being transported to the MCJ, defendant spoke on the phone with Co-conspirator 1, who told him to give R.H. the "royal treatment": to put R.H. in a cell with at least one violent inmate and to promise the violent inmate that he would get a reward from commissary for assaulting R.H. Defendant's shift at the MCJ ended shortly after this call, so he called Co-conspirator 2, the supervisor of the night shift, who was set to take over supervision after defendant left the jail. Defendant explained the plan to Co-conspirator 2.

Later, when R.H. was brought to a jail cell, inmates assaulted him, leaving him with significant swelling and bruising on his face. When defendant came back to the MCJ the next morning for his regularly-scheduled shift, he noticed significant injuries to R.H's face as a result of the assault. Defendant then called Co-Conspirator 1 to discuss providing Inmate 1 with synthetic nicotine from commissary. Defendant was directed by Co-conspirator 1 to retrieve the commissary key from Co-conspirator 1's office to obtain the synthetic nicotine to give to Inmate 1 as the reward previously promised for assaulting R.H.